**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                                     Case No. 13-cr-20133-JAR-JPO

XIANG WANG,

                    Defendant.

**MEMORANDUM AND ORDER**

On December 18, 2013, a grand jury charged Defendant Xiang Wang, an alien from the People's Republic of China, with willfully failing to depart from the United States within a period of 90 days from the date a final order of removal was entered against him.[1]  This matter is before the Court on the Government's oral motion for pretrial detention of Defendant (ECF No. 4) made on December 20, 2013. The Court held a hearing on the motion on December 27, 2013.  The Court has considered the motion and the statements of counsel during the hearing, and, for the reasons set forth below, finds that the motion for pretrial detention should be denied.

I.       **Temporary Detention to Permit Deportation**

First, pursuant to 18 U.S.C. § 3142(d), the Court is required to order temporary detention for up to ten days to permit deportation of a defendant.  The Court must order such detention if it determines that the defendant is not a citizen of the United States nor lawfully admitted for permanent residence, and that he or she "may flee or pose a danger to any other person or the community."[2]  If temporary detention is ordered, the Court must then notify the appropriate official of the Department of Homeland Security to allow them to take the defendant into custody for the purpose of deportation.

As discussed in greater detail below, the Court does not find that Defendant "may flee or pose a danger to any other person or the community."  As a result, the Court concludes that temporary detention to permit deportation is not required here.

---

[1] *See* Indictment (ECF No. 1), Count 1.
[2] 18 U.S.C. § 3142(d)(2).

## II.     Standard for Detention

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[3] In making this determination, the Court must take into account the available information concerning:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[4]

The government has the burden to prove the risk of flight by a preponderance of the evidence.[5] The government must prove a danger to other persons or the community by clear and convincing evidence.[6]  The court must resolve all doubts regarding the propriety of release in the defendant's favor.[7]

## III.    Application of the Factors

### A.     Nature and Circumstances of the Offense

Defendant is charged as an alien with one count of failing to depart from the United States under 8 U.S.C. § 1253(a)(1)(A).   If convicted, Defendant faces a maximum penalty of not more than 4 years imprisonment.  The alleged offense did not involve violence, a minor, controlled substances, or weapons.

---

[3] 18 U.S.C. § 3142(e).
[4] 18 U.S.C. § 3142(g).
[5] *See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).
[6] *See id.* (citing 18 U.S.C. § 3142(f)).
[7] *U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

The probable penalty to be imposed is not so great that Defendant would be expected to flee. The Court finds this factor to weigh in favor of pretrial release

**B.      Weight of the Evidence**

The Court finds that while the record contains some evidence that Defendant failed to depart from the United States within a period of 90 days from the date a final order of removal was entered against him, the evidence is not so overwhelming that it must weigh in favor of detention. The indictment itself constitutes probable cause to believe that the offense charged has been committed and that Defendant has committed it. This factor is neutral.

**C.      History and Characteristics of Defendant**

Defendant is a 43-year old male citizen of the People's Republic of China. He moved from there to the United States 19 years ago and has not returned. He is married and has one child (age 10) who is a United States citizen. He lives with his wife, son, sister-in-law, and her husband and children in Olathe, Kansas. Defendant is recently unemployed. Prior to that, he worked at a restaurant for approximately four years. Defendant has some health issues related to dizziness and seizures, for which he takes 8 medications.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due his illegal status. The government argues that Defendant is a risk of flight based upon the ICE detainer. While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[8] As this Court has previously noted in the cases of *U.S. v. Lozano-Miranda*,[9] and *U.S. v. Garcia-Gallardo*,[10] the existence of the ICE detainer is not in and of itself sufficient grounds to find that a defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . . ."[11] The departure of an "alien who is needed in the United States as . . . a party to

---

[8] *See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).
[9] No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).
[10] No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).
[11] 8 C.F.R. § 215.2(a).

any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United States.[12]  The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[13]

The Court finds that the government has not carried its burden in this regard.  While recognizing that there is some risk of flight by Defendant due to the ICE detainer, the Court finds this risk is outweighed by Defendant's established family ties to the community, the age of his son, the length of time he has lived in the community, his health issues, and his lack of a prior criminal record.  Further, there are conditions of release that could be set to reasonably assure his presence at trial.

### D.    Danger to the Community

The Government has not shown that Defendant poses any risk of danger to the community or other persons.  Thus, the Court finds that this factor weighs in favor of pretrial release.

## IV.    Conclusion

Having considered all relevant pleadings and the statements of counsel during the hearing, the Court finds that Defendant should be released.  As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .." Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the United States has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

---

[12] 8 C.F.R. § 215.3.
[13] *Id.* (emphasis added).

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention (ECF No. 4) is denied. Defendant will be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **December 30, 2013 at 11:00 a.m.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of December, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge